```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE       *    MDL Docket No. 2004
                                     4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS   *
                                     Case No.
LIABILITY LITIGATION            *    4:13-cv-296 (L. JOHNSON)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Lori Johnson was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Johnson brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Johnson also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor contends that Johnson's claims are barred by the applicable statutes of limitation. For the reasons set forth below, the Court agrees, and Mentor's Motion for Summary Judgment (ECF No. 26 in 4:13-cv-296) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTUAL BACKGROUND

Viewed in the light most favorable to Johnson, the record reveals the following.  Johnson was a resident of Washington State between 2004 and 2011.  Johnson sought treatment for stress urinary incontinence from Dr. Mark Uhlman, and Dr. Uhlman implanted Johnson with ObTape on December 14, 2004.  In 2005, Johnson began to experience urethral pain, and she returned to Dr. Uhlman.  Dr. Uhlman examined Johnson and found a "tiny sinus over the graft area," as well as "purulent debris."  Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 5, Ulhman Note, May 16, 2005, ECF No. 31-7.  Dr. Uhlman told Johnson what he found, and they discussed a treatment plan, which included a sling revision surgery.  Dr. Uhlman told Johnson that he would conduct an exploratory surgery and take appropriate action depending on the findings: if the sling was not adhering to Johnson's bodily

2

tissues, it would come out, and if the sling did adhere to the tissues, then Dr. Uhlman would cleanse the area. Uhlman Dep. 155:6-157:4. Johnson, however, canceled her appointment for the revision surgery and did not return to Dr. Uhlman.

Johnson visited her primary care physician in 2007 complaining of vaginal pain which she attributed to the ObTape. The doctor suggested a gynecological consult to consider sling removal, but Johnson declined.

In June 2010, Johnson visited Dr. Robert Johnson complaining of possible urethral bleeding and foul-smelling discharge, which she attributed to the ObTape. Dr. Johnson referred Johnson to Dr. Ginger Longo, who suspected mesh exposure and also suspected that a fistula had formed. Dr. Longo referred Johnson to Dr. Kathleen Kobashi, and Johnson visited Dr. Kobashi in August 2010. Dr. Kobashi diagnosed Johnson with an erosion of the ObTape, and she removed a portion of Johnson's ObTape in September 2010. Dr. Kobashi performed a second ObTape removal surgery in March 2011.

Johnson moved to Oregon in 2011, and she was a resident of Oregon when she filed her Complaint on July 12, 2013. *See generally* Compl., ECF No. 1 in 4:13-cv-296. Johnson brought claims for personal injury under the following theories: negligence, strict liability design defect, strict liability manufacturing defect, strict liability failure to warn, breach

3

of implied warranties, breach of express warranties, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.

## DISCUSSION

Johnson filed her action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. Oregon's choice-of-law rules thus apply. Johnson contends that Washington law applies.

Mentor does not dispute that if there is a conflict between the relevant laws of Washington and Oregon, the Court should apply Washington law because Johnson received all of her ObTape treatment in Washington and was a resident of Washington when her adverse symptoms developed. *See* Or. Rev. Stat. §§ 15.435(4), 15.445 (requiring an evaluation of which state has the most substantial relationship to and interest in product liability actions that do not involve a plaintiff who was injured in Oregon by a product that was made or delivered on Oregon). Oregon has a two-year statute of limitations for product liability claims, while Washington has a three-year statute of limitations. *Compare* Or. Rev. Stat. § 30.905(1) (establishing two-year statute of limitations for product

4

liability actions) *with* Wash. Rev. Code § 7.72.060(3) (establishing three-year statute of limitations for product liability actions). The Court will thus evaluate Johnson's claims under Washington law.

Under Washington law, a plaintiff must bring a product liability claim within "three years from the time the claimant discovered or in the exercise of due diligence should have discovered the harm and its cause." Wash. Rev. Code § 7.72.060(3); *accord Louisiana-Pacific Corp. v. ASARCO Inc.*, 24 F.3d 1565, 1580-81 (9th Cir. 1994) (applying Washington law). For the statute to begin running, the plaintiff "must know or should with due diligence know that the cause in fact was an alleged defect." *N. Coast Air Servs., Ltd. v. Grumman Corp.*, 759 P.2d 405, 406 (Wash. 1988) (en banc). The statute of limitations for fraud claims is also three years. Wash. Rev. Code § 4.6.080(4). That "statute of limitation does not begin to run until the plaintiff discovers, or, by reasonable diligence, would have discovered, the cause of action." *First Maryland Leasecorp v. Rothstein*, 864 P.2d 17, 19-20 (Wash. Ct. App. 1993).

"The discovery rule requires a plaintiff to exercise reasonable diligence in discovering the basis for their cause of action, and a 'plaintiff is charged with what a reasonable inquiry would have discovered.'" *Verd v. Bosserdt*, 179 Wash.

5

App. 1042, at *3 (2014) (quoting *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423 (Wash. 2006)). "[T]he party invoking the discovery rule bears the burden of showing that the facts constituting their claims 'were not *and could not have been* discovered by due diligence within the applicable limitations period.'" *Id.* (quoting *Clare v. Saberhagen Holdings, Inc.*, 123 P.3d 465 (Wash. Ct. App. 2005)).

In *Verd*, the Washington Court of Appeals concluded that the discovery rule did not save the plaintiffs' claims because the plaintiffs did not establish "that the facts constituting their state law claims could not have been discovered through the exercise of due diligence" during the limitations period. *Id.* at *4. Similarly, here, Johnson did not show that the facts constituting her claims against Mentor could not have been discovered through the exercise of due diligence before July 12, 2010. In 2005, Johnson had adverse symptoms that she attributed to ObTape, and her doctor recommended exploratory surgery to confirm that ObTape was the cause of Johnson's problems and to treat the symptoms. And in 2007, Johnson had more symptoms that she attributed to ObTape, and her doctor recommended a gynecological consult to consider sling removal. Thus, by 2007 at the latest, a reasonable person in Johnson's situation would have suspected that her injuries were caused by the ObTape and would have been able to begin an investigation to determine

whether those injuries were caused by a problem with ObTape, a problem with the implantation surgery, or some other problem. Instead, in both 2005 and 2007, Johnson declined further medical treatment and conducted no investigation into the cause of her injuries.  Under these circumstances, the Court cannot conclude that Johnson met her burden of showing that she could not have discovered the facts underlying her claims before July 12, 2010. Her claims are therefore time-barred, and Mentor is entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, Mentor's Motion for Summary Judgment (ECF No. 26 in 4:13-cv-296) is granted.

IT IS SO ORDERED, this 19th day of October, 2015.

S/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
